*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:   January 19, 2017          D-8-17
_____

In the Matter of DONALD
    NEAL LAMSON, an Attorney.          MEMORANDUM AND ORDER
                                           ON MOTION
(Attorney Registration No. 5174453)

_____


Calendar Date:   January 11, 2017

Before:   Garry, J.P., Lynch, Rose, Devine and Mulvey, JJ.

                        _____


        Donald Neal Lamson, Washington, DC, pro se.

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany, for Attorney Grievance Committee for
the Third Judicial Department.


                        _____


Per Curiam.

        Donald Neal Lamson was admitted to practice by this Court
in 2013 and lists a business address in Washington, DC, with the
Office of Court Administration.  By affirmation dated August 25,
2016, Lamson now seeks leave to resign from the New York bar for
nondisciplinary reasons (see Uniform Rules for Attorney
Disciplinary Matters [22 NYCRR] § 1240.22 [a]).  By
correspondence from its Chief Attorney, the Attorney Grievance
Committee for the Third Judicial Department (hereinafter AGC)
advises that it opposes Lamson's application due to its improper
form.

        At the time that Lamson applied to resign, this Court
required that such application be made by sworn affidavit, a
requirement that has been preserved in the Uniform Rules for
Attorney Disciplinary Matters and the companion Rules of this
Court (see Uniform Rules for Attorney Disciplinary Matters [22

NYCRR] § 1240.22 [a] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [a]).  While an attorney may ordinarily submit an affirmation "in lieu of and with the same force and effect as an affidavit," an affirmation may not be employed where, as here, the attorney is an applicant for direct relief from the Court (CPLR 2106 [a]).  Accordingly, we agree with AGC that Lamson's application is defective in form.

However, we note that Lamson's application was submitted prior to the October 1, 2016 effective date of the Uniform Rules for Attorney Disciplinary Matters, wherein the affidavit requirement was first codified by the four Appellate Divisions in formal court rule.  Moreover, Lamson's affirmation recited that the facts set forth therein were true and were made "under the penalties of perjury."  Accordingly, under the circumstances presented, we will excuse the defect in Lamson's application and address the merits thereof.

AGC does not substantively oppose Lamson's application. Accordingly, upon reading the affirmation of Lamson dated August 25, 2016, and upon reading the correspondence in response by AGC's Chief Attorney, and having determined that Lamson is eligible to resign for nondisciplinary reasons, we grant his application and accept his resignation.

Garry, J.P., Lynch, Rose, Devine and Mulvey, JJ., concur.

ORDERED that Donald Neal Lamson's application to resign is granted and his nondisciplinary resignation is accepted; and it is further

ORDERED that Donald Neal Lamson's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further

ORDERED that Donald Neal Lamson shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.


ENTER:

Robert D. Mayberger
Clerk of the Court